# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAVIER HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-0139-CVE-FHM |
| | ) | |
| BNSF RAILWAY CO. and | ) | |
| BNSF LOGISTICS INT'L, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are BNSF Railway Company and BNSF Logistics Int'l, Inc.'s Motion for a More Definite Statement and Brief in Support (Dkt. # 6) and BNSF Railway Company and BNSF Logistics Int'l, Inc.'s Motion to Dismiss for Failure to State a Claim and Brief in Support (Dkt. # 11). Defendants ask the Court to dismiss plaintiff's negligence claim or to direct plaintiff to file a more definite statement describing the alleged acts or omissions giving rise to plaintiff's claim. Plaintiff responds that he has adequately alleged a negligence claim under Oklahoma pleading standards and the Court should allow the parties to conduct discovery if defendants are unclear of the factual basis for plaintiff's negligence claim. Dkt. # 16.

Javier Hernandez alleges that he was employed by Otter Trail Corp. and, on October 21, 2008, he was preparing to unload a rail car at 5034 South 195th East Avenue, also known as 15300 Tiger Switch Road, in Broken Arrow, Oklahoma. Dkt. # 2, at 1. Hernandez states that the rail car was owned and operated by BNSF Railway Co. and/or BNSF Logistics Int'l, Inc. Id. He claims that the rail car tie down was heavily rusted, and that he fell to the ground when the tie down broke. Id. Hernandez alleges that defendants failed to inspect and maintain the defective rail car tie down and

"the heavy rusting of the railroad car tie down constitutes evidence of res ipsa loquitor negligence" by defendants. Id. at 2. Hernandez seeks damages in excess of $750,000 for injuries suffered as a result of his fall. Id.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

2

To state a negligence claim under Oklahoma law, a plaintiff must allege "(1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom . . . ." Consolidated Grain & Barge Co. v. Structural Systems, Inc., 212 P.3d 1168, 1171 n.8 (Okla. 2009). The "cornerstone" of a negligence claim is the existence of a duty, and this is a question of law. Miller v. David Grace, Inc., 212 P.3d 1223, 1227 (Okla. 2009). Res ipsa loquitur is an evidentiary rule "to aid the plaintiff in making out a *prima facie* case of negligence in circumstances when direct proof of why the harm happened is beyond the power or knowledge of the plaintiff." Smith v. Hines, 261 P.3d 1129, 1136 (Okla. 2011). If a plaintiff establishes that the defendant owed him a duty to prevent injury, a plaintiff may prevail under a res ipsa loquitur theory if he establishes the following foundational facts:

> (1) the injury is one that does not occur in the course of everyday conduct; (2) the defendant has exclusive control over the instrumentality or circumstance that caused the injury; (3) evidence of the true cause of the injury is more accessible to the defendant than to the plaintiff; and (4) the circumstances attendant to the harmful event are not likely to cause injury unless the defendant is negligent.

Williams v. New Beginnings Residential Care Home, 225 P.3d 17 (Okla. Civ. App. 2009) (quoting Harder v. F.C. Clinton, Inc., 948 P.2d 298, 303 (Okla. 1997)). As to a defendant's exclusive control of the instrumentality causing the injury, the Oklahoma Supreme Court has stated that this is a "flexible concept" that "implies *more than actual possession and use at the time of the occurrence. The required control element may be shifted and, under some circumstances, it may be shared.*" Qualls v. U.S. Elevator Corp., 863 P.2d 457, 462 (Okla. 1993) (emphasis in original).

Plaintiff has adequately alleged a negligence claim against defendants, and defendants' motions to dismiss should be denied. Plaintiff's complaint plainly states when and where the alleged incident occurred, and he states that defendants owned and operated the rail car that plaintiff was

3

preparing to unload. Dkt. # 2, at 1. He claims that defendants had a duty to inspect and maintain the tie down on their rail car, and defendants failed to perform this duty. Id. In particular, he claims that the tie down was heavily rusted, and that plaintiff was injured because of defendants' failure to inspect or replace the defective tie down. Id. at 2. This is sufficient to satisfy plaintiff's obligation under Twombly to provide specific, non-conclusory factual allegations that defendants' act or omission was the proximate cause of his injury and that he actually suffered injuries as a result of defendants' conduct. Although plaintiff mistakenly relies on Oklahoma pleading standards in his response, the Court finds that the well-pleaded allegations of plaintiff's complaint state a claim under the Twombly standard. This is an ordinary negligence case, not a complex anti-trust lawsuit, and plaintiff is not required to allege extensive factual allegations in order to state a claim. See Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). Plaintiff has put defendants on notice of when and where the accident occurred and the specific act or omission that allegedly caused his injury, and plaintiff has stated a plausible negligence claim under the Twombly standard.[1]

Defendants also request a more definite statement of plaintiff's claim and argue that they will be unable to "mount a meaningful defense" without more specific factual allegations. Dkt. # 21, at 1. Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Court notes that defendants have already filed an answer (Dkt. # 7) asserting numerous affirmative defenses, and this suggests that plaintiff's complaint is not so vague

---

[1] As plaintiff has adequately stated a negligence claim under the traditional elements, it is unnecessary to consider whether he also stated a claim under a res ipsa loquitur theory. However, the Court notes that defendants' motion to dismiss relies on a narrow view of "exclusive control" that may not be consistent with Oklahoma law. See Dkt. # 11, at 4.

4

or ambiguous that defendants were entirely unable to prepare a responsive pleading. The additional facts that defendants claim are necessary are not required for plaintiff to state a plausible claim and, in fact, it is likely that the information defendants seek is in their possession rather than plaintiff's.[2] If defendants learn additional facts during discovery that may give rise to additional defenses, they may move to amend their answer or take other appropriate action, but defendants have not shown that they are unable to prepare a responsive pleading due to a lack of factual allegations in plaintiff's complaint.

**IT IS THEREFORE ORDERED** that BNSF Railway Company and BNSF Logistics Int'l, Inc.'s Motion for a More Definite Statement and Brief in Support (Dkt. # 6) and BNSF Railway Company and BNSF Logistics Int'l, Inc.'s Motion to Dismiss for Failure to State a Claim and Brief in Support (Dkt. # 11) are **denied**.

**DATED** this 13th day of July, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Defendants argue that they will be unable to identify and ascertain the current location of the rail car without more specific factual allegations. Dkt. # 6, at 5; Dkt. # 11, at 4. However, plaintiff alleges that the rail car was owned and operated by defendants, and the information sought by defendants is most likely in their possession.